* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence affirms with minor modifications the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On or about July 16, 2003, Plaintiff was employed with Garcia Forest Service.
2. American Home Assurance was the carrier, with AIG Claim Services as the Servicing Agent for Defendant-Employer on July 16, 2003.
3. It is stipulated that all parties are subject to the Workers' Compensation Act.
4. The parties stipulate into evidence as Stipulated Exhibit # 1, the Pre-Trial Agreement, as modified and initialed by the parties.
5. The parties stipulate into evidence as Stipulated Exhibit # 2, medical records, and the supplemental medical records of Dr. Justin Bode stipulated, by letter filed October 21, 2004.
 * * * * * * * * * * *
Based upon all the competent evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. On July 16, 2003 Plaintiff was employed by Defendant-Employer in its logging operation. Plaintiff's job duties, in part, involved picking up tree limbs and other debris from cut trees.
2. Plaintiff testified that he injured his neck and suffered a hernia while working on July 16, 2003. Specifically, Plaintiff testified that a large tree fell on him, striking him on the head, knocking him down and causing him to lose consciousness. He also testified that he was picking up limbs at the time and the force of being hit by the falling tree caused him to suffer an abdominal hernia.
3. Felix Bautista, the only eyewitness to the incident testified that he was in the area at the time of the incident. He observed a tree that was being cut begin to fall. He saw Plaintiff walking in the vicinity of the falling tree. He testified that Plaintiff walked under the tree as it fell and the small branches of the tree made contact with Plaintiff's back and shoulders, but Plaintiff was not knocked down. Plaintiff continued to work for Defendant-Employer for approximately three weeks thereafter. Mr. Bautista acknowledged that after the accident Plaintiff mentioned that he was in pain.
4. Plaintiff did not report an injury resulting from the falling tree to Defendant-Employer until approximately the beginning of August. At the time of his report, Defendant-Employer gave Plaintiff authorization to be seen by Dr. Bohdan Kopynec. Defendant-Carrier approved and paid for this visit.
5. Based on the greater weight of the evidence, on July 16, 2003, Plaintiff was struck by the branches and leaves of a falling tree. This incident was unexpected and constituted an interruption of his normal work routine and thus was an accident arising out of and in the course of his employment. The issue herein is whether Plaintiff sustained a disabling injury from this accident.
6. Plaintiff was seen by Angela Walling, a Physician's Assistant, in Dr. Kopynec's office on August 4, 2003. Plaintiff reported that a tree fell on top of his head on July 16, 2003 and that he believed he lost consciousness. Plaintiff did not report that he developed a hernia during this visit. Based on Plaintiff's complaints and to rule out a head injury, imaging studies were obtained. These studies, including a head CT, were normal and there was no evidence of any head trauma. A cervical spine CT was normal, as well.
7. Based on the greater weight of the evidence, Plaintiff did not sustain any disabling injury to his head, shoulder or back as a result of his July 16, 2003 accident. The medical treatment Plaintiff received from Dr. Kopynec and his Physician Assistant Angela Walling, including the tests and studies they obtained, was reasonably required to effect a cure, provide relief or lessen his disability.
8. Plaintiff was not treated for an abdominal hernia until September 17, 2003. At that time, he reported upper abdominal pain and belching for the past two days. A right inguinal hernia was observed and Plaintiff was also diagnosed with gastroesophageal reflux disease (GERD). A hernia repair was recommended and was to be performed by Dr. Bayazid.
9. Plaintiff has not returned to work in any capacity or engaged in a job search since approximately early August 2003. Plaintiff's work visa expired on July 10, 2003. Defendant-Employer had informed Plaintiff prior to July 16, 2003 that they would be unable to continue to employ him if his visa was not renewed.
10. Plaintiff's testimony that the tree hit him on the top of his head and knocked him unconscious is not found to be credible.
11. Plaintiff has failed to prove by the greater weight of the evidence that he sustained a hernia on July 16, 2003 as a result of being hit by any part of a falling tree. There is insufficient evidence from which to find that a hernia appeared suddenly after the accident, that the hernia did not exist previously or that the accident resulted in a hernia.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On July 16, 2003, plaintiff sustained an accident arising out of and in the course of his employment, but there is insufficient evidence from which to find that he suffered a disabling injury as a result of the accident. N.C. Gen. Stat. §§97-2(6); 97-2(9).
2. Plaintiff has the burden of proving that he sustained an injury resulting from an accident, or specific traumatic incident occurring within the course and scope of his employment. N.C. Gen. Stat. § 97-2(6), Harvey v. Raleigh Police Dept.,96 N.C. App. 28, 384 S.E.2d 549, cert. denied, 326 N.C. 706,388 S.E.2d 454 (1989).
3. Plaintiff has not proven that he suffered a compensable hernia as defined by N.C. Gen. Stat. § 97-2(18).
4. Defendant is obligated to pay for all reasonable medical treatment Plaintiff received as a result of his accident of July 16, 2003.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for indemnity compensation is DENIED.
2. Defendants shall pay all expenses related to the medical treatment Plaintiff received for his injury by and through Dr. Kopynec when bills have been submitted and approved according to procedures adopted by the Commission.
3. Defendants shall pay the costs.
This the __ day of February 2006.
 S/____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/______________ LAURA MAVRETIC COMMISSIONER
 S/_____________ DIANNE SELLERS COMMISSIONER